UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | CIVIL ACTION NO. 7:19-cv-00007 |
| SPIRIT OF THE LION LLC, RAPIDO MVD SERVICES, INC., LOUIS BARRAZA YANEZ, GUTIERREZ TRUCKING LLC, MIGUEL HERRERA-RIVAS and RYAN MARTINEZ, | § § § § § § § | |
| **Defendants.** | § | |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT

United Financial Casualty Company (hereinafter "Progressive") petitions this Court for declaratory judgment concerning commercial auto liability coverage for a highway accident on April 3, 2018. As grounds for the declaratory judgment relief requested herein, Progressive would show as follows:

### I.   JURISDICTION

1.0.   Original subject matter jurisdiction exists for this action under 28 U.S.C. 1332(a)(2) as the claims and controversies arise between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

1.1.   Complete diversity of citizenship exists between plaintiffs and defendants. Plaintiff United Financial Casualty Company ("Progressive") is an insurance company formed and existing under the law of Ohio, with its principal corporate office in Ohio. Plaintiff is a citizen of Ohio.

1.2. Defendant Spirit of the Lion LLC (hereinafter "Spirit") is named insured under the Commercial Auto policy in question. Spirit is a New Mexico limited liability company which maintains its principal corporate offices in Lovington, New Mexico. Spirit is a citizen of New Mexico for purposes of diversity jurisdiction.

1.3. Defendant Luis Barraza Yanez, also known as Luis Angel Barraza-Yanez ("Yanez") is an individual who was last known to be residing in Mexico. On information and belief Yanez is a citizen of Mexico. When working in the United States Yanez resides in Odessa, Ector County Texas. Yanez was the driver of the commercial motor vehicle in question. For diversity purposes Yanez is either a citizen of Mexico or a citizen of Texas.

1.4. Rapido MVD Services Inc. "Rapido" is a New Mexico corporation. Rapido is a citizen of New Mexico for purposes of diversity jurisdiction. Rapido engages in business in the State of Texas but does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas. Pursuant to 17.044 defendant Rapido is deemed to have appointed the Texas Secretary of State as its agent, upon which service of process may be had in this action.

1.5. Gutierrez Trucking LLC ("Gutierrez Trucking") is a New Mexico limited liability company which maintains its principal business office in New Mexico and is a citizen of New Mexico for purposes of diversity jurisdiction. Rapido is duly authorized to and engaging in business under the State of Texas, but who does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas. Therefore, it must be deemed under Texas Civil Practice and Remedies Code, Section 17.044 that Defendant Gutierrez Trucking LLC has appointed the Secretary of the State of Texas as its agent, upon which service of process may be had in this action.  Duplicate copies of this petition and citation

shall be served upon the Secretary of the State of Texas, and a copy of this petition and citation shall be mailed by Certified Mail, Return Receipt Requested, by the Secretary of the State of Texas to: Resident Agent Patrick B McMahon, 311 N First St, Lovington, New Mexico 88260.

1.6. Defendants Miguel Herrera-Rivas ("Herrera Rivas") and Ryan Martinez ("Martinez") are individuals residing in Ector County, Texas and are residents and citizens of Texas. Herrera-Rivas and Martinez are personal injury plaintiffs in a pending tort action arising out of the accident in question styled *Miguel Herrera-Rivas and Ryan Martinez v. Luis Angel Barraza-Yanez et al,* Cause No. 18-07-22531-CVR (143rd District Court, Reeves County, Texas) (July 25, 2018). Herrera Rivas and Martinez are represented by counsel who is being provided a courtesy copy of the Complaint and it is anticipated these defendants will waive summons and appear under Fed. R. Civ. P. 4.

## II. VENUE

The auto liability coverage issue presented arises out of a highway accident in Reeves County, Texas on April 3 2018 wherein one or more of the defendants were operating the commercial motor vehicle in the service of hauling frac water for a company known as Desert Oil Services LLC. Venue is therefore proper in the Western District of Texas.

## III. GROUNDS FOR DECLARATORY RELIEF

3.0. This underlying claim arises from a three-vehicle accident that occurred in Pecos, Reeves County, Texas on or about April 3, 2018. When the accident took place Yanez was driving a red 2004 Freightliner (VIN No. 1FUJA6CGX41M14655) to haul contaminated water from a well location in New Mexico near County Road 720 known as Cottonwood to a disposal site called "High Roller Environmental, LLC" in Pecos, Texas. The accident occurred in Texas on U.S. Highway 285.

3.1. Yanez was hauling an empty tanker trailer northbound on US 285 when blowing dust reduced visibility and caused Yanez to collide with a southbound 2007 Peterbilt. The impact propelled Yanez vehicle backwards into a 2014 Ford traveling behind him. Mr. Yanez disputes that he went left of center, but the police report appears to be adverse to his version of the events. There are three injured claimants and two property damage claims asserted in connection with the loss.

3.2. Yanez was driving in scope and course of employment with Spirit of Texas which had contracted with Desert Oilfield Services to move the frac water. Spirit had been doing this work continuously for several months. Yanez had already completed two round trips that morning and was in transit back to the Cottonwood site to pick up a third load when the accident occurred approximately two miles from the disposal site where Yanez had just made his second delivery. Yanez' accident occurred at approximately 11:00 a.m. and less than half way through his scheduled work shift from lasted from 6:30 a.m. to 6:00 in the evening.

3.4. Progressive had issued to Spirit a Commercial Auto policy which was in effect at the time of the accident however, Progressive's policy is a non-trucking use or "bobtail" policy which provides no coverage for vehicles while being used in commercial pursuits. Specifically, the policy expressly excludes bodily injury coverage as follows:

> **We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:
>
> **PART** I - **LIABILITY TO OTHERS**
>
> A    Under the Additional Definitions Used In This Part Only section:
>
> Subsection A.3. is deleted and replaced by the following:
>
> 3.    Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others. However, **insured** does not include anyone engaged in the business of transporting property by auto for hire that is liable for **your** conduct.
>
> B.    The following exclusion is added:

      15.    **Trucking Use**

Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:

    a.    To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer;** or

    b.    In any business or for any business purpose.

3.6.    Progressive's policy does not cover Yanez' accident because use of the Freightliner and tanker trailer fell squarely within the commercial pursuit of hauling frac water for Desert Oilfield Services, LLC. Yanez had completed delivery of his second load of the day and was shuttling back from the disposal well to the Cottonwood site to pick-up his third load of the day. Yanez was using the vehicles for that commercial purpose at the very moment of the accident. Yanez was operating the vehicles pursuant to Desert Oilfield Service's assignment to haul a specified load and he was under the direct dispatch of Desert Oilfield. Progressive's policy plainly stipulates it has no duty to indemnify or defend for claims arising from vehicles used in any business or for any business purpose.

3.7    Progressive is entitled to declaratory judgment that its non trucking policy imposes no contractual duty to defend or to indemnify Yanez or Spirit or any other defendant in any ensuing bodily injury claims arising from the accident.

3.8    The policy in question was issued in New Mexico. Spirit of Texas is a New Mexico domiciled insured. Generally, Texas law holds that the law of the state which bears the most significant relationship to the question applies. New Mexico bears the most significant relation to the interpretation of the policy but there would be no coverage even if Texas law applied.

3.9    Herrera-Rivas and Martinez, defendants' herein, sued Yanez and defendants Rapido and Gutierrez in Reeves County on July 25, 2018. *See, Miguel Herrera-Rivas and Ryan*

*Martinez v. Luis Angel Barraza-Yanez et al,* Cause No. 18-07-22531-CVR (143rd District Court, Reeves County, Texas) (July 25, 2018) (hereinafter the "underlying personal injury action*") See Attachment 1*. The underlying personal injury defendants "Rapido" and "Gutierrez" are not insureds under Progressive's policy. On information belief these defendants may have been sued merely because the Texas DPS mentions them as the registered owners of the Freightliner or tractor.

3.10 Progressive is entitled to declaratory judgment that it has no duty to defend *Yanez, Rapido or Gutierrez* in this underlying personal injury action because the underlying state court petition does not allege facts potentially within Progressive's coverage under the Spirit policy. The trucking use exclusion stipulates Progressive has no duty to defend or indemnify and coverage does not apply to any insured auto used in any business or for any business purpose. The business nature of Yanez use at the time of the accident goes solely to a fundamental issue of coverage and does not overlap with or engage the truth or falsity of any facts alleged in the underlying case. It has nothing in common with any actual or potential issues of vicarious liability of any party. Rather conclusive evidence establishes the vehicles were being so used at the time and there is no coverage.

## REQUEST FOR DECLARATORY RELIEF, ATTORNEY FEES AND COSTS

There exists an actual case or controversy relative to this policy and the personal injury claims arising from the Yanez accident. Progressive respectfully requests enter of judgment that the commercial auto policy in question does not extend any bodily injury coverage to the Yanez vehicles because the claims arise out of business use or business pursuits and mission when the accident occurred, that Progressive has no duty to defend *Yanez, Rapido or Gutierrez* in the pending underlying state court action and that Progressive has no obligation to indemnify or pay any resulting judgment in that action. Progressive further requests all further ancillary relief as

may be available to it as a prevailing party under the Texas Uniform Declaratory Judgment Act or the Federal Declaratory Judgment Act including recovery of attorney fees and costs as may be show just and equitable.

>Respectfully submitted,
>
>THOMPSON, COE, COUSINS & IRONS, L.L.P.
>
>By: *s/ Richard M. Mosher*_____
>   Richard M. Mosher
>   State Bar No. 14580300
>   rmosher@thompsoncoe.com
>   Shelby G. Hall
>   State Bar. No. 24086717
>   shall@thompsoncoe.com
>
>700 N. Pearl Street, Twenty-Fifth Floor
>Dallas, Texas 75201-2832
>Telephone:  (214) 871-8200
>Telecopy:  (214) 871-8209
>
>**ATTORNEYS FOR PLAINTIFF**
>**PROGRESSIVE COMMERCIAL CASUALTY**
>**COMPANY**