**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **UNITED FINANCIAL CASUALTY COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **CIVIL ACTION No. 7:19-cv-00007-DC** |
| **SPIRIT OF THE LION LLC, RAPIDO MVD SERVICES, INC., LOUIS BARRAZA-YANEZ, GUTIERREZ TRUCKING LLC, MIGUEL HERRERA-RIVAS and RYAN MARTINEZ,** | § § § § § § § § § | |
| **Defendants.** | § | |

**UNITED FINANCIAL CASUALTY COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**

United Financial Casualty Company's ("Plaintiff" or "United") submits this Motion for

Summary Judgment, and would respectfully show the Court as follows:

## I.   SUMMARY JUDGMENT EVIDENCE

**Exhibit A**      Certified Copy of Policy No. 06626425-0

**Exhibit B**      Plaintiff's Second Amended Petition in the underlying lawsuit, styled:
                    *Miguel Herrera-Rivas and Ryan Martinez v. Luis Angel Barraza-Yanez,*
                    *Rapido MVD Services, Gutierrez Trucking LLC, Jesus Beltran Jr., TNT*
                    *Crane & Rigging Inc., Spirit of the Lion LLC, and Desert Oilfield*
                    *Services, LLC,*  No. 18-07-22531 in the 143rd Judicial District Court of
                    Reeves County, Texas

**Exhibit C**      Certified copy of Crash Report for April 13, 2018

**Exhibit D**      Defendants Herrera-Rivas and Martinez's Responses to Plaintiff's
                    Requests for Admissions

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT                                    PAGE 1

## II.   STATEMENT OF UNDISPUTED FACTS

### A.   The April 13, 2018 accident and underlying lawsuit

This case arises out of a three-vehicle accident that occurred in Reeves County, Texas on April 3, 2018. (Ex. B, C). Louis Barraza-Yanez ("Yanez") was driving north on US Highway 285, a two-lane highway, and was driving a Freightliner (VIN #1FUJA6CGX41M14655) with an attached trailer (VIN #1F9ST4127DH408058). (Ex. C).  Yanez's vehicle entered the left lane and crashed into the front left of a vehicle driven by Miguel Herrera-Rivas. (Ex. C). When the crash occurred, the force caused Yanez's truck and tractor and trailer to proper backwards into the path of the vehicle being driven by Jesus Beltran Jr. (Ex. C).

As a result of this accident, Miguel Herrera-Rivas and Ryan Martinez filed suit in the 143rd District Court of Reeves County against Luis Angel Barraza-Yanez, Rapido MVD Services, Gutierrez Trucking LLC, Jesus Beltran Jr., TNT Crane & Rigging Inc., Spirit of the Lion LLC, and Desert Oilfield Services, LLC,  in the lawsuit styled: *Miguel Herrera-Rivas and Ryan Martinez v. Luis Angel Barraza-Yanez, Rapido MVD Services, Gutierrez Trucking LLC, Jesus Beltran Jr., TNT Crane & Rigging Inc., Spirit of the Lion LLC, and Desert Oilfield Services, LLC*,  No. 18-07-22531 (Ex. B). Herrera-Rivas and Martinez allege that Yanez was driving the insured vehicle in the course and scope of his employment with Desert Oilfield Services LLC, Rapido MVD Services, and/or Spirit of the Lion LLC. (Ex. B at 5.)

Yanez was driving in the business of Desert Oilfield Services and/or Spirit of the Lion at the time the accident occurred. (Ex. B; Ex. C; Ex. D). Yanez was not driving for a personal purpose at the time of the accident. (Ex. B; Ex. D).

### B.   The policy insuring Spirit of the Lion, LLC contains a business use exclusion

United insured Spirit of the Lion under New Mexico Commercial Auto Policy No. 06626425-0 from March 16, 2018 to March 16, 2019. (Ex. A). The Policy contained a

"Contingent Liability Endorsement – Limited Liability Coverage for Non-Trucking Use of An Automobile" which adds the following exclusion to Spirit of the Lion's Policy:

15.  **Trucking Use**
Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:
a.    To carry property or while such property is being loaded or unloaded from the **insured auto** or and attached **trailer**; or
b.    In any business use for any business purpose.

## III.  ARGUMENT AND AUTHORITIES

### A.  Summary Judgment Standard

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the movant meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-movant must also show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Relevant to this proceeding, the interpretation and construction of insurance policies are a matter of law, and, therefore, are particularly amenable to summary judgment. *Reliance Ins. Co. v. Shenandoah S., Inc.*, 81 F.3d 789, 791 (8th Cir. 1996); *Snyder General Corp. v. Great Am. Ins. Co.*, 928 F. Supp. 674, 677 (N.D. Tex. 1996).

**B. United is entitled to declaratory judgment that it has no duty to defend or indemnify Spirit of the Lion, or any other party, for bodily injury claims that arose out of the underlying accident**

**1. This case presents an actual case or controversy and it is within this Court's jurisdiction to grant the declaratory relief sought by United**

Federal courts are courts of limited jurisdiction, and are limited under Art. III § 2 of the Constitution to hearing only "cases" and "controversies". *Shields v. Norton*, 289 F.3d 832, 834 (5th Cir. 2002). The United States Supreme Court has distinguished between cases and controversies and has determined that in a declaratory judgment action, a controversy exists, "where the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Moreover, for a Federal Court to exercise jurisdiction over a controversy, it must also be ripe, meaning that the controversy must be mature and not merely speculative. *Shields* at 835.

The Supreme Court has determined that a declaratory judgment action brought by an insurance company against its insured and an injured party (a potential judgment creditor like Defendant Tower) seeking liability determination against the insured in a state court action does constitute an actual controversy within the meaning of the Declaratory Judgment Act. *Maryland Casualty* 312 U.S. at 273. Additionally, the Fifth Circuit has held that an injured party, who is a plaintiff in state court litigation against an insured party, has a "real and substantial, though not immediate" interest in a determination of whether an insurance company has a duty to indemnify the insured, and as such is a proper party to a declaratory judgment action. *Central Surety & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir.1939); *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 424 (5th Cir.1942) (holding that the dismissal of a state court plaintiff from a declaratory judgment action would be a plain error).

Here, there exists and actual case or controversy within the court's jurisdiction within the provisions of 28 U.S.C. 2202 and Fed. R. Civ. P. 57 for the court to declare the rights and other legal relationships as between these parties with respect to policy at issue.

### 2. United has no duty to defend or indemnify

The obligation of an insurer is a matter of contract law and must be determined by the terms of the insurance policy. *Miller v. Triad Adoption & Counseling Servs., Inc.*, 65 P.3d 1099, 1103 (N.M. Ct. App. 2003).[1] Unambiguous insurance contracts must be construed in their usual and ordinary sense. *Id.*

An insurer's duty to defend arises out of the nature of the allegations in the complaint. *Bernalillo Cnty Deputy Sheriffs Ass'n v. Cnty of Bernalillo*, 114 N.M. 695, 697 (N.M. 1992).[2] "If the allegations of the complaint clearly fall outside the provisions of the policy, **neither defense nor indemnity is required**." *Id.* (emphasis added); *W. Am. Ins. Co. v. Atyani*, 366 F.Supp.3d 1270 (D.N.M. 2019) (applying *Bernalillo* and deciding that because the insurers had no duty to defend in the underlying state suits, they likewise had no duty to indemnify the defendants for those claims either.). If the facts in the complaint are not stated with sufficient clarity so that is can be determined from the face of the complaint whether the action falls within the coverage of

---

[1] Under the Fifth Circuit's "significant relationship test," New Mexico law applies. Although the accident occurred in Texas and the claimants on the policy are Texas residents, the Fifth Circuit has held that "when the issues of a case require the construction and application of insurance policies, as they do in the instant case, the relevant inquiry is what contacts the state has with the insurance dispute, and not with an underlying lawsuit." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 205 (5th Cir. 1996). Because the policy at issue was issued in New Mexico, the insured is a New Mexico resident, New Mexico has a more significant relationship with this coverage matter and, thus, New Mexico law applies.

[2] Here, the New Mexico Supreme Court has stated that if the allegations in the complaint fall clearly outside the provisions of the policy, there is no duty to defend or indemnify. Texas applies the "eight-corners" rule that mandates that courts not peek outside the four corners of the policy and the four corners of the complaint to determine whether the insurer has the duty to defend. *Colony Ins. Co. v. Price*, 622 F. App'x 311, 313-14 (5th Cir. 2015); *Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 454 (5th Cir. 2009) ("When the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend."). There does not appear to be a conflict between Texas and New Mexico laws on this issue and, under either state's law, the result is the same in this case.

the policy, a duty to defend exists. *Dove v. State Farm Fire & Cas. Co.*, 399 P.3d 400, 404 (N.M. Ct. App. 2017).

      i.    **The United policy insuring Spirit of the Lion is a "bobtail" or non-trucking use policy that excludes coverage when the insured auto is used for any business purpose**

The automobile business exclusions and non-trucking use exclusions are common provisions in liability insurance policies. *Grisham v. Allstate Ins. Co.*, 992 P.2d 891, 893 (N.M. Ct. App. 1999). The genesis of these kinds of policies lies in the assumption that when an insured automobile is turned over to an independent automobile business, it is likely to be driven by an agent of that business over whom the insured has no control. *Id.* Lack of control increases risk to the owner's insurer, a risk that is neither included in the policy nor calculated in the premium charged to the owner. *Id.* Non-trucking use insurance attaches when the listed vehicle is used without a trailer or with an empty trailer and when it is not being operated in the business of an authorized motor carrier. *Meade ex rel. Meade v. Great Am. Assur. Co.*, 198 F. App'x 475, 478 (6th Cir. 2006). Most courts hold non-trucking use exclusions are not ambiguous. *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 741 (5th Cir. 2008)

The "Contingent Liability Endorsement" in United's policy states that there is no coverage when any insured auto is being operated, maintained, or used to "carry property or while such property is being loaded or unloaded from the **insured auto** or and attached **trailer**" or "[i]n any business use for any business purpose." Thus, there is no duty to defend or indemnify if the insured autos on the United policy are being used for any business purpose.

      ii.    **United has no duty to defend or indemnify because the accident vehicle was being used for a business purpose at the time of the accident**

In *Grisham v. Allstate Ins. Co.*, 128 N.M. 340 (N.M. Ct. App. 1999), the New Mexico Court of Appeals reasoned that "working in the business" for the purpose of an automobile

business exclusion includes activities that are an integral and necessary part of the automobile business. *Id.* (citing *United Fire & Cas. Co. v. New Hampshire Ins. Co.*, 684 F. Supp. 1030, 1032 (W.D.Mo.1988)). This included the delivery of a vehicle for servicing by the automobile business or one of its agents. *Id.* Additionally, the driver need not be an employee of the automobile business to fall within a business use exclusion as long, as the driver is acting on behalf of the automobile business. *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. West Am. Ins. Co.*, 437 A.2d 165, 169–70 (Del. Super. Ct.1981) (exclusion applied to bank collection manager driving repossessed car being offered for sale); *Universal Underwriters Ins. Co. v. American Motorists Ins. Co.*, 541 F.Supp. 755, 758 (N.D. Miss. 1982) (exclusion applied to driver who delivered dealership customer's cars on an as-needed basis); *Wesco Ins. Co. v. Velasquez*, 540 P.2d 203, 204–05 (N.M. 1975) (involving the wife of automobile business owner delivering customer's cars)). "The decisive question ... is, not whether the [driver] was himself engaged in the automobile business at the time of the accident, but rather whether he was engaged in the automobile business of 'any other person or organization' ...." *Id.* (citing *Bollin v. Automobile Club Inter–Ins. Exch.*, 525 S.W.2d 389, 391 (Mo .Ct. App. 1975)).

Notably, some other courts have found a commercial purpose associated with a vehicle even when it is not actually hauling a load in transit to destination. For example, in *Mahaffey v. General Security Insurance Co.*, 543 F.3d 738, 741 (5th Cir. 2008), the lessor leased a truck and driver to First Coast Intermodal to haul a load from Bowling Green, Kentucky to New Orleans, Louisiana. After delivery in New Orleans, the lessee's dispatcher told the driver to take the rest of the night off and call in the morning for another load. The driver thereafter drove the truck, without trailer, to a truck stop where he spent a few hours having dinner, watching television, and playing slots. *Id.* The driver thereafter headed for a motel and was enroute to the hotel when he

was involved in the accident. *Id.* at 741–42. The court nevertheless found the driver was in furtherance of First Coast's commercial interests at the moment of accident because he was not heading home. *Id.* The court determined a trucking use was present because the driver was loitering in the area awaiting further anticipated loads form the lessee's dispatch.

In another case, *Empire Fire & Marine Ins. Co. v. Brantley Trucking, Inc*, 220 F.3d 679, 680 (5th Cir. 2000), the driver was waiting for cargo to load when he drove to a nearby garage to have maintenance performed and wrecked on his way back. *Id.* The Court reasoned that because the driver was biding his time while the cargo loaded—and he was not out "pursuing leisurely engagement"—the driver's actions were in furtherance of the motor carrier's commercial interests and, thus, the driver was acting "in the business of" the motor carrier. *Id.* at 682. The decision in *Brantley* sets out several factual examples from other cases when drivers were found to be in furtherance of the lessee's commercial interests:

- Driver was only biding his time while the cargo loaded, had the truck maintenanced, and was enroute to pick up the load when the accident occurred;

- Driver was using truck in the business of the carrier lessee where injury occurred while driver was enroute to pick up trailer which had been repaired;

- Driver was on the way to obtain an oil change for the truck, after which he was to proceed to pick up a load for the carrier;

- Driver was directly on his way to pick up the trailer, apparently using a normal route for that purpose,

- Drier was operating a truck leased to lessee, headed toward lessee's terminal knowing he was next on the list to haul a load to Chicago, and knowing that timing was important.

*Id.* (citing *Hartford Ins. Co. v. Occidental Fire & Cas. Co.*, 908 F.2d 235, 239 (7th Cir. 1990);

*Empire Fire & Marine Ins. Co, v. the Insurance Co. of the State of Pennsylvania*, 638 So.2d 102,

104 (3rd Dist. Ct. Fla. 1994); *Liberty Mutual v. Connecticut Indem. Co.*, 55 F.3d 1333, 1337 (7th Cir. 1995); *Lime City Mut. Ins. Ass'n v. Mullins*, 615 N.E.2d 305, 307–308 (1992)).

The petition in the underlying case unequivocally alleges that at the time of the accident, Yanez was driving the insured vehicle in the course and scope of his employment with Desert Oilfield Services LLC, Rapido MVD Services, and/or Spirit of the Lion LLC. (Ex. B). Moreover, Defendants Herrera-Rivas and Martinez have admitted that Yanez was driving in further of a commercial interest and was not driving for a personal purpose at the time the accident occurred. (Ex. D). By the plain terms of the exclusion—which states there is no coverage when an insured auto is used "for any business purpose"—there is no coverage under the policy and, accordingly, no duty to defend[3] or indemnify[4] any liability that may result in the underlying lawsuit. *W. Am. Ins. Co. v. Atyani*, 366 F.Supp.3d 1270 (D.N.M. 2019) (finding that because the insurers had no duty to defend in the underlying state suits, they likewise had no duty to indemnify the defendants for those claims either.); *Bernalillo*, 114 N.M. at 697 ("If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required."). United, therefore, requests that this Court enter an order granting declaratory judgment that United has no duty to defend or indemnify any party in the underlying lawsuit and no liability coverage exists under Commercial Auto Policy 06626425-0 for the bodily injury claims asserted in the underlying lawsuit.

---

[3] Under Texas law, the result is the same. Applying the eight-corners rule and considering only the allegations in the complaint and the policy's language, the tort plaintiffs' claims squarely within the exclusion.

[4] Cases out of both states' Supreme Courts state that an insured is permitted to obtain an adjudication of the duty to indemnify prior to the resolution of the liability suit. In New Mexico, it is permitted when "the allegations of the complaint clearly fall outside the provisions of the policy." *Bernalillo*, 114 N.M. at 697. In Texas, the duty to indemnify may be resolved prior to the liability suit when the same facts which negate the duty to indemnify also negate the duty to defend. *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997); *Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 228 (Tex. App.—Dallas 2012, no pet.); *Anton v. Nat'l Sur. Corp.*, 2016 WL 4363406, at *3 (S.D. Tex. Aug. 16, 2016) ("Because the duty to defend is broader than the duty to indemnify, logic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify."). Under either of states' law, the duty to defend may be properly adjudicated in this case.

## PRAYER

WHEREFORE, Plaintiff United Financial Casualty Company requests that this Court grant Plaintiff United Financial Casualty Company's Motion for Summary Judgment and enter an order granting declaratory judgment that United Financial Casualty Company has no duty to defend or indemnify any party in the underlying lawsuit because no coverage exists under Commercial Auto Policy 06626425-0.

Respectfully submitted,

/s/ *Shelby G. Hall*
Richard M. Mosher
State Bar No. 14580300
rmosher@thompsoncoe.com
Shelby G. Hall
State Bar No. 24086717
shall@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2020, a true and correct copy of the foregoing document was delivered to all known counsel of record via electronic notice:

Austin Mathis
Holly Voth
The Mathis Law Firm, PLLC
P.O. Box 3836
San Angelo, TX 76902
T: (325) 716-1700
F: (325) 716-4840
hollyvoth@themathislawfirm.com
austinmathis@themathislawfirm.com
mathisefile@themathislawfirm.com
*Counsel for Defendants Miguel Herrera-Rivas*
*and Ryan Martinez*

/s/ Shelby G. Hall
Shelby G. Hall