No. **18-07-22531-CVR**

| | | |
|---|---|---|
| **MIGUEL HERRERA-RIVAS AND RYAN MARTINEZ** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **LUIS ANGEL BARRAZA-YANEZ,** | § | |
| **RAPIDO MVD SERVICES,** | § | |
| **GUTIERREZ TRUCKING LLC,** | § | |
| **JESUS BELTRAN JR, TNT CRANE** | § | |
| **& RIGGING INC, SPIRIT OF THE** | § | |
| **LION LLC., AND DESERT OILFIELD** | § | |
| **SERVICES LLC.** | § | |
| **Defendants,** | § | **143rd JUDICIAL DISTRICT** |

### PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE, AND FIRST SET OF DISCOVERY TO DEFENDANT SPIRIT OF THE LION LLC AND FIRST SET OF DISCOVERY TO DEFENDANT DESERT OILFIELD SERVICES LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MIGUEL HERRERA-RIVAS**, hereinafter referred to as Plaintiff **Rivas** and **RYAN MARTINEZ,** hereinafter referred to as Plaintiff **Martinez**, complaining of **LUIS ANGEL BARRAZA-YANEZ** (hereinafter referred to as "Defendant **Yanez**") **RAPIDO MVD SERVICES** (hereinafter referred to as "Defendant **Rapido**") **GUTIERREZ TRUCKING LLC** (hereinafter referred to as "Defendant **Gutierrez Trucking")** **JESUS BELTRAN JR** (hereinafter referred to as "Defendant **Beltran**") **TNT CRANE RIGGING INC** (hereinafter referred to as "Defendant **TNT**") **SPIRIT OF THE LION LLC** (hereinafter referred to as "Defendant **Lion**") and **DESERT OILFIELD SERVICES LLC** (hereinafter referred to as "Defendant **Desert")** and hereinafter, collectively referred to as Defendants, and files this their Original Petition, Request for Disclosure, Rule 193,7 Notice, and First Set of Discovery to Defendant Lion and First Set of Discovery to Defendant Desert and for cause of action would respectfully show the Court as follows:

## I.
## DISCOVERY LEVEL

Plaintiff pleads that discovery in this case should be controlled by Rule 190.4 T.R.C.P. (Level 3).

                    HERRERA000289

## II.
## PARTIES

Plaintiff **MIGUEL HERRERA-RIVAS**, is an individual who resides in Odessa, Ector County, Texas.

Plaintiff **RYAN MARTINEZ**, is an individual who resides in Odessa, Ector County, Texas.

Defendant **LUIS ANGEL BARRAZA-YANEZ** is an individual DL # CHIH119396, DOB: 08/14/1986, who's last known address is 1 Francisco Ibarra Dr Parral, Mexico 33886 2509 Fontana, Odessa, Ector County, Texas 79763, where service of process may be had upon him by personal service and/or certified mail, return receipt requested or any other place he may be found. Defendant Yanez is already a party to this law suit as having answered herein. Defendant, **LUIS ANGEL BARRAZA-YANEZ,** does not maintain a regular place of business in Texas; does not have a designated agent for service of process; is a nonresident of Texas, and may be mailed notice at the address stated herein. At all times Defendant, **LUIS ANGEL BARRAZA-YANEZ** operated a motor vehicle on the public roads of Texas, as more particularly described below, and pursuant to Section 17.063 of the Civil Practice and Remedies Code of the State of Texas, the Defendant, **LUIS ANGEL BARRAZA-YANEZ** has appointed the Chairman of the Texas Transportation Commission as his agent on whom citation may be served in accordance with Section 17.063 of the Civil Practice and Remedies Code.  Service of process may be had upon this Defendant by delivering a certified copy of the process to the Chairman of the Texas Transportation Commission to J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street Austin, Texas 78701-2483 at least twenty (20) days prior to the return date thereof stated in said process, and the Chairman of the Texas Transportation Commission shall forthwith send notice of such service and copy of the process to the nonresident Defendant by registered mail, or certified mail, return receipt requested, as provided by Section 17.063.

Defendant, **RAPIDO MVD SERVICES** is a is a New Mexico Corporation duly authorized to engaging in business under the State of Texas, but who does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas.

Plaintiffs' 2ⁿᵈ Amended Original Petition          2

HERRERA000290

Therefore, it must be deemed under Texas Civil Practice and Remedies Code, Section 17.044, that Defendant, **RAPIDO MVD SERVICES** has appointed the Secretary of the State of Texas as its agent, upon which service of process may be had in this action. Duplicate copies of this petition and citation shall be served upon the Secretary of the State of Texas, and a copy of this petition and citation shall be mailed by Certified Mail, Return Receipt Requested, by the Secretary of the State of Texas to: Resident Agent for service, Angelina Jackson, 203 South Douglas, Hobbs, New Mexico 88240. Defendant Rapido is a party to this lawsuit as having answered herein.

Defendant **Gutierrez Trucking LLC** is a New Mexico Limited Liability Corporation duly authorized to and engaging in business under the State of Texas, but who does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas. Therefore, it must be deemed under Texas Civil Practice and Remedies Code, Section 17.044, that Defendant Gutierrez Trucking LLC has appointed the Secretary of the State of Texas as its agent, upon which service of process may be had in this action. Duplicate copies of this petition and citation shall be served upon the Secretary of the State of Texas, and a copy of this petition and citation shall be mailed by Certified Mail, Return Receipt Requested, by the Secretary of the State of Texas to: Resident Agent Patrick B McMahon 311 N First St, Lovington, New Mexico 88260. Defendant Gutierrez is a party to this lawsuit as having answered herein.

Defendant **JESUS BELTRAN JR** is an individual, DL: 4195, DOB: 11/29/1972 whose last known residence is 7244 W Gold St Odessa, Texas 79766, where service of process may be had upon him by personal service and/or certified mail, return receipt requested and/or at any other place wherein he may be found.

Defendant **TNT CRANE & RIGGING INC** is a Texas Limited Liability Corporation located at 925 S Loop W, Houston, Texas 77054 that can be served through its Registered Agent, Troy Lambert at 925 S Loop W, Houston, Texas 77054, by certified mail, return receipt requested and/or personal service. Defendant TNT is a party to this lawsuit as having answered herein.

Defendant **Spirit of the Lion LLC** is a New Mexico limited liability company with its principle office being located at 1105 W Harrison Ave., Lovington, NM 88260. Defendant Lion is duly authorized

**EXHIBIT B**                                    HERRERA000291

to and is engaging in business under the State of Texas, but who does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas. Therefore, it must be deemed under Texas Civil Practice and Remedies Code, Section 17.044, that Defendant Lion has appointed the Secretary of the State of Texas as its agent, upon which service of process may be had in this action. Duplicate copies of this petition and citation shall be served upon the Secretary of the State of Texas, and a copy of this petition and citation shall be mailed by Certified Mail, Return Receipt Requested, by the Secretary of the State of Texas to: Registered Agent Shyra J Gutierrez at 5304 Rebecca Rd., Hobbs, NM 88242 or any other place wherein they may be found.

Defendant **Desert Oilfield Services LLC** is a New Mexico Limited Liability Corporation duly authorized to and engaging in business under the State of Texas, but who does not maintain a regular place of business in the state and has not designated an agent for service of process in the State of Texas. Therefore, it must be deemed under Texas Civil Practice and Remedies Code, Section 17.044, that Defendant **Desert Oilfield Services LLC** has appointed the Secretary of the State of Texas as its agent, upon which service of process may be had in this action. Duplicate copies of this petition and citation shall be served upon the Secretary of the State of Texas, and a copy of this petition and citation shall be mailed by Certified Mail, Return Receipt Requested, by the Secretary of the State of Texas to: Registered Agent Arita K. Slate at 1316 W Thomas, Carlsbad, NM 88220 or any other place wherein they may be found.

### III.
### <u>VENUE</u>

Venue is proper in Reeves County pursuant to Section 15.002a(1) of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the cause of action occurred in Reeves County, Texas.

Plaintiffs' 2nd Amended Original Petition                4

**EXHIBIT B**

<span style="color:red">HERRERA000292</span>

## IV.
## STATEMENT OF FACTS

On or about 04/13/2018, at approximately 2:00p.m., Plaintiffs were traveling South on US 285 in Reeves County, Texas. At the same time, Defendant **Yanez** was operating a vehicle owned by Defendant Rapido and/or Defendant Lion while traveling North on US 285 in Reeves County, Texas. As Defendant **Yanez** approached Plaintiff's vehicle he suddenly, and without warning failed to maintain a single lane of travel, causing his vehicle to collide with the Plaintiffs' vehicle causing the collision and resulting in the injuries and damages to Plaintiffs as hereinafter more fully set forth.

At the time of the collision described above, Defendant **Yanez** was in the course and scope of his employment with Defendant **Desert** and/or Defendant **Rapido** and/or **Defendant Lion.** Further, and at all times relevant, Defendant **Desert** and/or Defendant **Rapido** and/or **Defendant Lion** allowed, gave permission, instructed, and/or had knowledge of Defendant **Yanez'**s use and operation of a vehicle owned and/or controlled by Defendant **Desert** and/or Defendant **Rapido** and/or **Defendant Lion.**

At the time of the collision, Defendant **Yanez** was operating a vehicle on a public road at an unsafe speed and under unsafe conditions. Defendant **Desert,** Defendant **Rapido** and Defendant **Lion** failed to train, supervise, and otherwise instruct Defendant **Yanez** in the safe operation of a vehicle on a pubic road under the same or similar conditions. Further, Defendant **Yanez** was operating a vehicle that he wasn't properly trained to load and/or transport due to Defendant **Desert,** Defendant **Lion,** and Defendant **Rapido's** negligent hiring, retention, supervision and training. As such, Defendant **Desert,** Defendant **Lion,** and Defendant **Rapido's** negligent hiring, retention, supervision and training are proximate causes of Plaintiffs' injuries. Further, Defendant **Desert,** Defendant **Lion,** and Defendant **Rapido** hired and/or retained an incompetent, unlicensed and/or unqualified driver when they hired and/or retained Defendant **Yanez**.

At the time of the collision, Defendant **Beltran** was operating a vehicle owned by Defendant **TNT** while traveling North on US 285 in Reeves County, Texas. As Defendant **Beltran** approached Plaintiff's vehicle he suddenly, and without warning failed to control his speed, running into the back of Defendant

Plaintiffs' 2ⁿᵈ Amended Original Petition          5

**Yanez's** vehicle causing a collision with Plaintiffs' vehicle and resulting in the injuries and damages to Plaintiffs as hereinafter more fully set forth.

At the time of the collision described above, Defendant **Beltran** was in the course and scope of his employment with Defendant **TNT.** Further, and at all times relevant, Defendant **TNT** allowed, gave permission, instructed, and/or had knowledge of Defendant **Beltran'**s use and operation of a vehicle owned and/or controlled by Defendant **TNT.**

## V.
## NEGLIGENCE – DEFENDANT YANEZ

At the time and on the occasion in question, Defendant **Yanez** failed to use ordinary care in one or more of the following particulars:

a)    He failed to keep a proper lookout;

b)    He failed to timely apply his brakes;

c)    He failed to perform an evasive action to avoid colliding with Plaintiff's vehicle;

d)    He failed to use due caution;

e)    He failed to control his speed colliding into Plaintiff's vehicle;

f)    He failed to maintain a single lane of travel; and

g)    He operated a vehicle to fast for the conditions at the time of the collision.

One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision in question.

## VI.
## RESPONDEAT SUPERIOR-
## DEFENDANT, DESERT OILFIELD SERVICES LLC

At all times material hereto, all agents, servants, and/or employees of Defendant **Desert**, including Defendant, **Yanez** were acting within the course and scope of employment and/or official duties.

Plaintiffs' 2ⁿᵈ Amended Original Petition          6

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant **Desert**, including Defendant **Yanez** were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant **Desert** is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including Defendant **Yanez** pursuant to the Doctrine of *Respondeat Superior.*

## VII.
## NEGLIGENT ENTRUSTMENT- DESERT OILFIELD SERVICES LLC

Plaintiffs further allege that, on or about the occasion in question, Defendant, **Desert** entrusted the vehicle to Defendant, **YANEZ** for the purpose of operating it. At such time, Defendant, **YANEZ** was incompetent and unfit to safely operate the motor vehicle. Defendant, **Desert** knew or should have known, in the exercise of due care, that **DEFENDANT YANEZ** was an incompetent, unlicensed, and/or unfit driver and would create an unreasonable risk of danger to persons and property.

Plaintiffs also allege that, upon the occasion in question, Defendant, **Desert** was negligent for failing to use ordinary care by various acts and omissions in at least the following ways:

a.   Knowingly and negligently entrusting the vehicle to a reckless, incompetent, or unqualified driver;

b.   Knowingly and negligently entrusting the vehicle to a driver with and invalid and/or expired driver's license; and/or

c.   Knowingly and negligently entrusting the vehicle to an inexperienced driver;

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

Plaintiffs' 2ⁿᵈ Amended Original Petition          7

**EXHIBIT B**

HERRERA000295

## VIII.
## RESPONDEAT SUPERIOR-
## DEFENDANT, SPIRIT OF THE LION LLC

At all times material hereto, all agents, servants, and/or employees of Defendant **Lion**, including Defendant, **Yanez** were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant **Lion**, including Defendant **Yanez** were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant **Lion** is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including Defendant **Yanez** pursuant to the Doctrine of *Respondeat Superior*.

## IX.
## NEGLIGENT ENTRUSTMENT- DEFENDANT SPIRIT OF THE LION LLC

Plaintiffs further allege that, on or about the occasion in question, Defendant, **LION** entrusted the vehicle to Defendant, **YANEZ** for the purpose of operating it. At such time, Defendant, **YANEZ** was incompetent and unfit to safely operate the motor vehicle. Defendant, **LION** knew or should have known, in the exercise of due care, that **DEFENDANT YANEZ** was an incompetent, unlicensed, and/or unfit driver and would create an unreasonable risk of danger to persons and property.

Plaintiffs also allege that, upon the occasion in question, Defendant, **LION** was negligent for failing to use ordinary care by various acts and omissions in at least the following ways:

a. Knowingly and negligently entrusting the vehicle to a reckless, incompetent, or unqualified driver;

b. Knowingly and negligently entrusting the vehicle to a driver with and invalid and/or expired driver's license; and/or

c. Knowingly and negligently entrusting the vehicle to an inexperienced driver;

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

**EXHIBIT B**                                                                HERRERA000296

## X.
## RESPONDEAT SUPERIOR-
## DEFENDANT, RAPIDO MVD SERVICES

At all times material hereto, all agents, servants, and/or employees of Defendant **Rapido**, including Defendant, **Yanez** were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant **Rapido**, including Defendant **Yanez** were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant **Rapido** is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including Defendant **Yanez** pursuant to the Doctrine of *Respondeat Superior.*

## XI.
## NEGLIGENT ENTRUSTMENT- DEFENDANT RAPIDO MVD

Plaintiffs further allege that, on or about the occasion in question, Defendant, **Rapido** entrusted the vehicle to Defendant, **YANEZ** for the purpose of operating it. At such time, Defendant, **YANEZ** was incompetent and unfit to safely operate the motor vehicle. Defendant, **Rapido** knew or should have known, in the exercise of due care, that **DEFENDANT YANEZ** was an incompetent, unlicensed, and/or unfit driver and would create an unreasonable risk of danger to persons and property.

Plaintiffs also allege that, upon the occasion in question, Defendant, **Rapido** was negligent for failing to use ordinary care by various acts and omissions in at least the following ways:

a. Knowingly and negligently entrusting the vehicle to a reckless, incompetent, or unqualified driver;

b. Knowingly and negligently entrusting the vehicle to a driver with and invalid and/or expired driver's license; and/or

**EXHIBIT B**                                    HERRERA000297

c.  Knowingly and negligently entrusting the vehicle to an inexperienced driver;

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

**XII.**
**NEGLIGENT HIRING, SUPERVISION, TRAINING**
**AND RETENTION-DEFENDANT, DESERT OILFIELD SERVICES LLC**

In the alternative, Defendant **Desert** owed a duty to the general public, including motorists and Plaintiff, to exercise ordinary care in the hiring of competent drivers and in the supervision, management, training and retention of its drivers. Defendant, **Desert** failed to use ordinary care: to properly investigate Defendant **Yanez** as a driver; in retaining Defendant **Yanez** as a driver; to properly supervise Defendant **Yanez**; to implement adequate safeguards to prevent the collision that resulted in Plaintiffs' injuries; and to provide adequate oversight of Defendant **Yanez**. These acts and/or omissions created an environment in which the Plaintiffs' injuries were likely and reasonably foreseeable to occur, and which in fact did occur. The negligent acts and/or omissions of Defendant **Desert** are a proximate cause of the injuries and damages sustained by Plaintiffs.

**XIII.**
**NEGLIGENT HIRING, SUPERVISION, TRAINING**
**AND RETENTION-DEFENDANT, SPIRIT OF THE LION LLC**

In the alternative, Defendant **Lion** owed a duty to the general public, including motorists and Plaintiff, to exercise ordinary care in the hiring of competent drivers and in the supervision, management, training and retention of its drivers. Defendant, **Lion** failed to use ordinary care: to properly investigate Defendant **Yanez** as a driver; in retaining Defendant **Yanez** as a driver; to properly supervise Defendant **Yanez**; to implement adequate safeguards to prevent the collision that resulted in Plaintiffs' injuries; and to provide adequate oversight of Defendant **Yanez**. These acts and/or omissions created an environment in

**EXHIBIT B**                                        HERRERA000298

which the Plaintiffs' injuries were likely and reasonably foreseeable to occur, and which in fact did occur. The negligent acts and/or omissions of Defendant **Lion** are a proximate cause of the injuries and damages sustained by Plaintiffs.

## XIV.
## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION-DEFENDANT, RAPIDO MVD

In the alternative, Defendant **Rapido** owed a duty to the general public, including motorists and Plaintiff, to exercise ordinary care in the hiring of competent drivers and in the supervision, management, training and retention of its drivers. Defendant, **Rapido** failed to use ordinary care: to properly investigate Defendant **Yanez** as a driver; in retaining Defendant **Yanez** as a driver; to properly supervise Defendant **Yanez**; to implement adequate safeguards to prevent the collision that resulted in Plaintiffs' injuries; and to provide adequate oversight of Defendant **Yanez**. These acts and/or omissions created an environment in which the Plaintiffs' injuries were likely and reasonably foreseeable to occur, and which in fact did occur. The negligent acts and/or omissions of Defendant **Rapido** are a proximate cause of the injuries and damages sustained by Plaintiffs.

## XV.
## NEGLIGENCE – DEFENDANT BELTRAN

At the time and on the occasion in question, Defendant **Beltran** failed to use ordinary care in one or more of the following particulars:

a)      He failed to keep a proper lookout;

b)      He failed to timely apply his brakes;

c)      He failed to perform an evasive action to avoid colliding with a vehicle;

d)      He failed to use due caution;

e)      He failed to control his speed colliding into a vehicle;

Plaintiffs' 2ⁿᵈ Amended Original Petition          11
**EXHIBIT B**                                                                    HERRERA000299

f)    He failed to maintain a single lane of travel; and

g)    He operated a vehicle to fast for the conditions at the time of the collision.

One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision in question.

## XVI.
## RESPONDEAT SUPERIOR-DEFENDANT, TNT

At all times material hereto, all agents, servants, and/or employees of Defendant **TNT**, including Defendant, **Beltran** were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant **TNT**, including Defendant **Beltran** were acting in furtherance of the duties of their office and/or employment.

Therefore, Defendant **TNT** is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including Defendant **Beltran** pursuant to the Doctrine of *Respondeat Superior.*

## XVII.
## DAMAGES

As a direct result of the accident in question, Plaintiff Miguel Herrera-Rivas sustained bodily injuries including: migraine headaches, head, neck, back, shoulder, arm, leg, and torso injuries. By reason of these injuries, Plaintiff has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.  Plaintiff has suffered physical disfigurement in the past, which continues to the present time, and in all probability, will continue indefinitely in the future.  Plaintiff has suffered a loss of wages in the past and a loss of wage-earning capacity in the future.

Plaintiffs' 2ⁿᵈ Amended Original Petition          12

Plaintiff has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

As a direct result of the accident in question, Plaintiff Ryan Martinez sustained bodily injuries including: migraine headaches, head, neck, back, shoulder, arm, leg, and torso injuries. By reason of these injuries, Plaintiff has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.  Plaintiff has suffered physical disfigurement in the past, which continues to the present time, and in all probability, will continue indefinitely in the future.  Plaintiff has suffered a loss of wages in the past and a loss of wage-earning capacity in the future.

Plaintiff has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiffs seek monetary relief over $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XVIII.
### RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

**EXHIBIT B**                                                      <span style="color:red">HERRERA000301</span>

## XIX.
## REQUEST FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury.

## XX.
## REQUEST FOR DISCLOSURE

Pursuant to the provisions of TEX. R. CIV. P. 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information and material described in TEX. R. CIV. P. 194.2 (a)-(l).

## XXI.
## FIRST SET OF DISCOVERY TO DEFENDANT SPIRIT OF THE LION LLC

In accordance with, and pursuant to, Rule 197 of the Texas Rules of Civil Procedure, PLAINTIFFS, serve upon DEFENDANT **Lion** the following Interrogatories, which Interrogatories shall be answered separately and fully in writing under oath. The DEFENDANT shall serve copies of the Answers on the Plaintiff's attorney fifty (50) days from the date of their receipt. These Interrogatories are directed to and shall be answered by DEFENDANT **Lion** who shall furnish such information as is available to said party.

**Interrogatories:**

1.      State your full name, address, and present employer.

2.      Give the name, address and telephone number of any person who is expected to be called to testify at trial. Rule 192.3(d), T.R.Civ.P.

3.      Is it your contention that the accident made the basis of this lawsuit was caused in whole or in part by some person or persons other than Defendant Luis Angel Barraza-Yanez?

> If so, state the factual basis of that contention, including the full identity and address of such person(s) or entity(s) and in what manner you contend that person(s) or entity(s) contributed or caused the incident in question.

Rule 192.3(j) and Rule 197, comment 1, T.R.Civ.P.

4.      Did you or any agent, servant and/or employee of Defendant make a report of the incident made the basis of this lawsuit? If so, state:

(a)      The name, address and job title of the person who made the report;

(b)      Date and time the report was made;

(c)      The name and address of the person to whom the report was made; and,

Plaintiffs' 2ⁿᵈ Amended Original Petition                    14

(d)      Whether said report was oral, and if written, the name and address of the person with custody of said report. Rule 192.3(b), T.R.Civ.P.

5.      State the name and contact information, including phone number and current address of who owned the vehicle involved in the collision made the basis of this litigation identified by VIN number 1FUJA6CGX41M14655.

6.      For any person identified by Plaintiff or Defendants as a person with knowledge of relevant facts, provide written notice of your intent to offer evidence of a conviction.  Tex.R.Evid. 609(f).

7.      Identify all responsible individuals whom you contend are third parties as defined in Texas Civil Practice and Remedies Code Section 33.011 (6).

8.      With regards to any phones that were in Defendant Yanez's vehicle at the time of the collision in question, whether you owned the phone or not, please identify the company providing phone services on the date of the incident, the account number for said phone, the telephone number for said phone, and the person in whose name the phone service and/or account was listed.

9.      State the name and address of Defendant Yanez's employment on 04/13/2018, the dates of his employment, his job title and the nature of his job duties on 04/13/2018.

10.      Is there any other person, party or entity that this Defendant asserts or has reason to believe may potentially have in any manner caused or contributed to Plaintiffs' injuries or may potentially have any liability exposure for the matters asserted by Plaintiff or which this Defendant believes may be responsible in any manner for any of the allegations made the basis of Plaintiff's claims.

11.      For each previous company, person or other entity in which Defendant Yanez was employed as a Commercial Motor Vehicle Driver state the name, contact information, and the dates of employment.

12.      Was the collision on 04/13/2018 Defendant Yanez's fault, if yes, describe what caused the collision.

### b. Request for Production

Plaintiffs in the above-entitled and numbered cause, pursuant to Rule 196, Texas Rules of Civil Procedure, requests that Defendant, produce the documents hereinafter described and permit Plaintiffs, and their attorney to inspect, photograph, and/or copy, said documents as they may desire. Plaintiffs request that the documents be made available for this inspection at the office of THE MATHIS LAW FIRM, 3808 Sherwood Way, San Angelo, Texas 76901 at a reasonable time within fifty (50) days from the date of this request and if not so delivered, Plaintiff asks that Defendant respond within said time period, explaining their refusal to so deliver said documents.  The Request for Production may be complied with by attaching copies of the items to your response.

Plaintiffs' 2ⁿᵈ Amended Original Petition            15

**Documents to be Produced**:

1.      Any and all photographs or electronic images of underlying facts (e.g. a photograph of Plaintiff, the incident scene and/or any vehicles or products involved in this incident) as well as all photographs or electronic images of any sort that you intend to offer into evidence. Rule 192.5(c)(4), T.R.Civ.P. SPECIFIC REQUEST IS MADE THAT ALL PHOTOGRAPHS BE PRODUCED IN DIGITAL FORMAT.

2.      Any and all photographs, electronic or videotape recordings depicting Plaintiff, the incident scene, and/or any vehicles or products involved in this incident. Rule 192.3(b), T.R.Civ.P. SPECIFIC REQUEST IS MADE THAT ALL PHOTOGRAPHS BE PRODUCED IN DIGITAL FORMAT.

3.      Any and all damage appraisals made of the automobiles involved in the collision made the basis of this claim.  Rule 192.3(b), T.R.Civ.P.

4.      Any and all reports made to or prepared by Defendant, its agents, servants and/or employees concerning the incident made the basis of this lawsuit. Rule 192.3(b), T.R.Civ.P.

5.      Produce any statements of the Plaintiff and Defendant taken in connection with this action or obtained under any other circumstance.  Rule 192.3(h), T.R.Civ.P.

6.      Produce any statements of any person(s) with knowledge of relevant facts taken in connection with this action or obtained under any other circumstance. Rule 192.3(h), T.R.Civ.P.

7.      If you intend to offer evidence of a conviction of a person with knowledge of relevant facts pursuant to Tex.R.Evid. 609(f), produce all documents concerning the conviction.

8.      Produce a copy of any video, audio or other recording of any nature whether, analog, video or some other format that purports to have recorded any portion of any events surrounding the events which resulted in the cause of action made the basis of this lawsuit.

9.      Any and all cell phone records and/or bills for the date of the occurrence made the basis of this lawsuit for any cellular phone in Defendant's possession on that date.

10.      Any and all medical records (including bills and affidavits) concerning the Plaintiff in your possession, custody or control which were not obtained directly from the Plaintiff or Plaintiff's counsel, including all records obtained through deposition by written question to any healthcare provider.

11.      In the event you contend that the injuries alleged by either Plaintiffs in connection with this case were pre-existing and/or were caused by any event or incident other than the incident made the basis of this case, please produce any and all medical records and/or documents that pertain to, prove, or otherwise substantiate your contention.

12.      Any and all employment and lost wage records (including affidavits) concerning the Plaintiffs in your possession, custody or control which were not obtained directly from the Plaintiffs or Plaintiffs' counsel, including all records obtained through deposition by written question.

13.      All insurance policies owned by Defendant Spirit of the Lion LLC at the time of the collision made the basis of this litigation including any and all umbrella policies, trucking/transportation polices, commercial policies, excess coverage policies and any other insurance policies.

Plaintiffs' 2ⁿᵈ Amended Original Petition          16

HERRERA000304

### c. Request for Admissions

The following Request for Admissions are made under Rule 198 of the Texas Rules of Civil Procedure. Each of the matters of which an admission is requested is deemed admitted unless the party to whom the request is directed delivers or causes to be delivered to the party requesting the admissions or its attorneys of record a sworn statement within a period of fifty (50) days after the receipt of this request or within such further time as the court on motion and notice may allow, either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why it cannot truthfully either admit or deny those matters. Any admissions are for the purpose of this pending action only and do not constitute an admission by the Defendant for any other purpose and may not be used against Defendant in any other proceeding.

### Facts to be Admitted or Denied:

Request No. 1: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC has been properly identified in this lawsuit.

Request No. 2: Admit to the Court and Jury in this case that the collision occurred on 04/13/2018.

Request No. 3: Admit to the Court and Jury in this case that the collision occurred in Reeves County, Texas.

Request No. 4: Admit to the Court and Jury that Defendant Yanez was operating a vehicle that was involved in the collision made the basis of this cause.

Request No. 5: Admit to the Court and Jury that Defendant Yanez had a valid commercial driver's license on 04/13/2018.

Request No. 6: Admit to the Court and Jury that Defendant Yanez's driver's license has never been revoked or suspended.

Request No. 7: Admit to the Court and Jury in this case that you owned the vehicle that was involved in this collision, at the time of the collision.

Request No. 8: Admit to the Court and Jury in this case that you gave Defendant Yanez permission to drive the vehicle which he was driving at the time of the collision.

Request No. 9: Admit to the Court and Jury in this case that Defendant Yanez was in the course and scope of employment with Defendant Spirit of the Lion LLC while driving the vehicle he was driving at the time of the collision.

Request No. 10: Admit to the Court and Jury in this case that Defendant Yanez is currently employed by Defendant Spirit of the Lion LLC.

Request No. 11: Admit to the Court and Jury in this case that Defendant Yanez was involved in

Plaintiffs' 2ⁿᵈ Amended Original Petition          17

HERRERA000305

other collisions prior to the collision made the basis of this litigation.

Request No. 12: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC instructed Defendant Yanez to drive the vehicle on the day of the collision made the basis of this litigation.

Request No. 13: Admit to the Court and Jury in this case that Defendant Yanez couldn't speak English on the day of the collision made the basis of this litigation.

Request No. 14: Admit to the Court and Jury in this case that Defendant Yanez couldn't read English on the day of the collision made the basis of this litigation.

Request No. 15: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC didn't train Defendant Yanez on safe driving practices.

Request No. 16: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC didn't train Defendant Yanez on driving a commercial motor vehicle.

Request No. 17: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC didn't supervise Defendant Yanez while he was driving on 04/13/2018.

Request No. 18: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC knew Defendant Yanez didn't possess a valid commercial driver's license on 04/13/18.

Request No. 19: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC didn't check to see if Defendant Yanez was able to read and speak the English language sufficiently to converse with the general public prior to 04/13/18.

Request No. 20: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC possessed a MCS-90 on 04/13/18.

Request No. 21: Admit to the Court and Jury in this case that Defendant Spirit of the Lion LLC was insured to operate commercial motor vehicles in interstate commerce on 04/13/18.

## XXII.
## FIRST SET OF DISCOVERY TO DEFENDANT DESERT OILFIELD SERVICES LLC

In accordance with, and pursuant to, Rule 197 of the Texas Rules of Civil Procedure, PLAINTIFFS, serve upon DEFENDANT **DESERT OILFIELD SERVICES LLC** the following Interrogatories, which Interrogatories shall be answered separately and fully in writing under oath. The DEFENDANT shall serve copies of the Answers on the Plaintiff's attorney fifty (50) days from the date of their receipt. These Interrogatories are directed to and shall be answered by DEFENDANT **Desert** who shall furnish such information as is available to said party.

### Interrogatories:

1.    State your full name, address, and present employer.

2.    Give the name, address and telephone number of any person who is expected to be called to testify at trial. Rule 192.3(d), T.R.Civ.P.

Plaintiffs' 2ⁿᵈ Amended Original Petition          18

3.      Is it your contention that the accident made the basis of this lawsuit was caused in whole or in part by some person or persons other than Defendant Luis Angel Barraza-Yanez?

        If so, state the factual basis of that contention, including the full identity and address of such person(s) or entity(s) and in what manner you contend that person(s) or entity(s) contributed or caused the incident in question.

Rule 192.3(j) and Rule 197, comment 1, T.R.Civ.P.

4.      Did you or any agent, servant and/or employee of Defendant make a report of the incident made the basis of this lawsuit?  If so, state:

    (a)      The name, address and job title of the person who made the report;

    (b)      Date and time the report was made;

    (c)      The name and address of the person to whom the report was made; and,

    (d)      Whether said report was oral, and if written, the name and address of the person with custody of said report. Rule 192.3(b), T.R.Civ.P.

5.      State the name and contact information, including phone number and current address of who owned the vehicle involved in the collision made the basis of this litigation identified by VIN number 1FUJA6CGX41M14655.

6.      For any person identified by Plaintiff or Defendants as a person with knowledge of relevant facts, provide written notice of your intent to offer evidence of a conviction.  Tex.R.Evid. 609(f).

7.      Identify all responsible individuals whom you contend are third parties as defined in Texas Civil Practice and Remedies Code Section 33.011 (6).

8.      With regards to any phones that were in Defendant Yanez's vehicle at the time of the collision in question, whether you owned the phone or not, please identify the company providing phone services on the date of the incident, the account number for said phone, the telephone number for said phone, and the person in whose name the phone service and/or account was listed.

9.      State the name and address of Defendant Yanez's employment on 04/13/2018, the dates of his employment, his job title and the nature of his job duties on 04/13/2018.

10.     Is there any other person, party or entity that this Defendant asserts or has reason to believe may potentially have in any manner caused or contributed to Plaintiffs' injuries or may potentially have any liability exposure for the matters asserted by Plaintiff or which this Defendant believes may be responsible in any manner for any of the allegations made the basis of Plaintiff's claims.

11.     For each previous company, person or other entity in which Defendant Yanez was employed as a Commercial Motor Vehicle Driver state the name, contact information, and the dates of employment.

12.     Was the collision on 04/13/2018 Defendant Yanez's fault, if yes, describe what caused the collision.

13.     Where did Defendant Desert Oilfield Services LLC instruct Defendant Yanez to travel on 04/13/2018.

Plaintiffs' 2ⁿᵈ Amended Original Petition          19

HERRERA000307

**b. Request for Production**

Plaintiffs in the above-entitled and numbered cause, pursuant to Rule 196, Texas Rules of Civil Procedure, requests that Defendant, produce the documents hereinafter described and permit Plaintiffs, and their attorney to inspect, photograph, and/or copy, said documents as they may desire. Plaintiffs request that the documents be made available for this inspection at the office of THE MATHIS LAW FIRM, 3808 Sherwood Way, San Angelo, Texas 76901 at a reasonable time within fifty (50) days from the date of this request and if not so delivered, Plaintiff asks that Defendant respond within said time period, explaining their refusal to so deliver said documents.  The Request for Production may be complied with by attaching copies of the items to your response.

**Documents to be Produced**:

1.      Any and all photographs or electronic images of underlying facts (e.g. a photograph of Plaintiff, the incident scene and/or any vehicles or products involved in this incident) as well as all photographs or electronic images of any sort that you intend to offer into evidence. Rule 192.5(c)(4), T.R.Civ.P. SPECIFIC REQUEST IS MADE THAT ALL PHOTOGRAPHS BE PRODUCED IN DIGITAL FORMAT.

2.      Any and all photographs, electronic or videotape recordings depicting Plaintiff, the incident scene, and/or any vehicles or products involved in this incident. Rule 192.3(b), T.R.Civ.P. SPECIFIC REQUEST IS MADE THAT ALL PHOTOGRAPHS BE PRODUCED IN DIGITAL FORMAT.

3.      Any and all damage appraisals made of the automobiles involved in the collision made the basis of this claim.  Rule 192.3(b), T.R.Civ.P.

4.      Any and all reports made to or prepared by Defendant, its agents, servants and/or employees concerning the incident made the basis of this lawsuit. Rule 192.3(b), T.R.Civ.P.

5.      Produce any statements of the Plaintiff and Defendant taken in connection with this action or obtained under any other circumstance.  Rule 192.3(h), T.R.Civ.P.

6.      Produce any statements of any person(s) with knowledge of relevant facts taken in connection with this action or obtained under any other circumstance. Rule 192.3(h), T.R.Civ.P.

7.      If you intend to offer evidence of a conviction of a person with knowledge of relevant facts pursuant to Tex.R.Evid. 609(f), produce all documents concerning the conviction.

8.       Produce a copy of any video, audio or other recording of any nature whether, analog, video or some other format that purports to have recorded any portion of any events surrounding the events which resulted in the cause of action made the basis of this lawsuit.

9.       Any and all cell phone records and/or bills for the date of the occurrence made the basis of this lawsuit for any cellular phone in Defendant's possession on that date.

10.       Any and all medical records (including bills and affidavits) concerning the Plaintiff in your possession, custody or control which were not obtained directly from the Plaintiff or

Plaintiffs' 2ⁿᵈ Amended Original Petition              20

**EXHIBIT B**

HERRERA000308

Plaintiff's counsel, including all records obtained through deposition by written question to any healthcare provider.

11.    In the event you contend that the injuries alleged by either Plaintiffs in connection with this case were pre-existing and/or were caused by any event or incident other than the incident made the basis of this case, please produce any and all medical records and/or documents that pertain to, prove, or otherwise substantiate your contention.

12.    Any and all employment and lost wage records (including affidavits) concerning the Plaintiffs in your possession, custody or control which were not obtained directly from the Plaintiffs or Plaintiffs' counsel, including all records obtained through deposition by written question.

13.    All insurance policies owned by Defendant Desert Oilfield Services LLC at the time of the collision made the basis of this litigation including any and all umbrella policies, trucking/transportation polices, commercial policies, excess coverage policies and any other insurance policies.

14.    All contracts of employment between Defendant Desert Oilfield Services LLC and Defendant Yanez.

15.    All documents related to paying Defendant Yanez for his work on 04/13/2018.

16.    All documents, recordings or other tangible items that reflect who dispatched, instructed, or otherwise told Defendant Yanez where to travel on 04/13/2018.

### c. Request for Admissions

The following Request for Admissions are made under Rule 198 of the Texas Rules of Civil Procedure. Each of the matters of which an admission is requested is deemed admitted unless the party to whom the request is directed delivers or causes to be delivered to the party requesting the admissions or its attorneys of record a sworn statement within a period of fifty (50) days after the receipt of this request or within such further time as the court on motion and notice may allow, either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why it cannot truthfully either admit or deny those matters. Any admissions are for the purpose of this pending action only and do not constitute an admission by the Defendant for any other purpose and may not be used against Defendant in any other proceeding.

### Facts to be Admitted or Denied:

Request No. 1: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC has been properly identified in this lawsuit.

Request No. 2: Admit to the Court and Jury in this case that the collision occurred on 04/13/2018.

Plaintiffs' 2ⁿᵈ Amended Original Petition          21
HERRERA000309

Request No. 3: Admit to the Court and Jury in this case that the collision occurred in Reeves County, Texas.

Request No. 4: Admit to the Court and Jury that Defendant Yanez was operating a vehicle that was involved in the collision made the basis of this cause.

Request No. 5: Admit to the Court and Jury that Defendant Yanez had a valid commercial driver's license on 04/13/2018.

Request No. 6: Admit to the Court and Jury that Defendant Yanez's driver's license has never been revoked or suspended.

Request No. 7: Admit to the Court and Jury in this case that you owned the vehicle that was involved in this collision, at the time of the collision.

Request No. 8: Admit to the Court and Jury in this case that you gave Defendant Yanez permission to drive the vehicle which he was driving at the time of the collision.

Request No. 9: Admit to the Court and Jury in this case that Defendant Yanez was in the course and scope of employment with Defendant Desert Oilfield Services LLC while driving the vehicle he was driving at the time of the collision.

Request No. 10: Admit to the Court and Jury in this case that Defendant Yanez is currently employed by Defendant Desert Oilfield Services LLC.

Request No. 11: Admit to the Court and Jury in this case that Defendant Yanez was involved in other collisions prior to the collision made the basis of this litigation.

Request No. 12: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC instructed Defendant Yanez to drive the vehicle on the day of the collision made the basis of this litigation.

Request No. 13: Admit to the Court and Jury in this case that Defendant Yanez couldn't speak English on the day of the collision made the basis of this litigation.

Request No. 14: Admit to the Court and Jury in this case that Defendant Yanez couldn't read English on the day of the collision made the basis of this litigation.

Request No. 15: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC didn't train Defendant Yanez on safe driving practices.

Request No. 16: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC didn't train Defendant Yanez on driving a commercial motor vehicle.

Request No. 17: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC supervised Defendant Yanez while he was driving on 04/13/2018.

Request No. 18: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC knew Defendant Yanez didn't possess a valid commercial driver's license on 04/13/18.

Request No. 19: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC didn't check to see if Defendant Yanez was able to read and speak the English language sufficiently to converse with the general public prior to 04/13/18.

Request No. 20: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services LLC possessed a MCS-90 on 04/13/18.

Request No. 21: Admit to the Court and Jury in this case that Defendant Desert Oilfield Services

**EXHIBIT B**                                                            HERRERA000310

LLC was insured to operate commercial motor vehicles on 04/13/18.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to answer this Petition; that upon final hearing hereof, they have judgment against Defendants for damages in an amount appropriate and consistent with Plaintiffs' losses and injuries, for pre-judgment and post judgment interest, costs of court, and for such other and further relief to which they may prove themselves justly entitled, at law or in equity.

Respectfully submitted,

The Mathis Law Firm, PLLC
P.O. Box 3836
San Angelo, Texas 76902
Tel: 325-716-1700
Fax: 325-716-4840

BY:___*Austin Mathis*_____
        Austin Mathis
        SBN: 24072224
        Email: austinmathis@themathislawfirm.com
        Efile: mathisefile@themathislawfirm.com

ATTORNEY FOR PLAINTIFFS

Plaintiffs' 2ⁿᵈ Amended Original Petition        23

**EXHIBIT B**

HERRERA000311

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on the attorneys of record on this the 25th day of February 2019:

Charles Russell
Crenshaw, Dupree & Milam LLP
4411 98th Street
PO Box 64479
Lubbock, TX 79464-4479
806-762-5281
806-762-3510 Fax
crussell@cdmlaw.com
Attorney for Defendant Yanez

Staton M. Childers
Lyondell Basell Tower
1221 McKinney, Suite 4400
Houston, Texas 77010
713-652-5151
713-652-5152 Fax
Staton.childers@arlaw.com
Attorney for TNT and Jesus Beltan Jr.

_Austin Mathis_
Austin Mathis