**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **UNITED FINANCIAL CASUALTY COMPANY,** | § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **MO:19-CV-7-DC** |
| **SPIRIT OF THE LION, LLC,** *et al.***,** | § § | |
| *Defendants.* | § | |

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss filed on April 30, 2019, in conjunction with the Answer of Defendants Miguel Herrera-Rivas and Ryan Martinez. (Doc. 10). After due consideration of the parties' arguments and the relevant law, the Court shall **DENY** Defendants Herrera-Rivas and Martinez's Motion to Dismiss. *Id.*

### I. BACKGROUND

Plaintiff United Financial Casualty Company (Plaintiff) filed this declaratory judgment action on January 8, 2019. (Doc. 1). Plaintiff asks the Court to declare it has no contractual duty to indemnify or defend Defendant Spirit of the Lion, LLC or any other party in relation to the automobile accident that occurred on April 3, 2018, in Reeves County, Texas, which is currently the subject of state court litigation. *See generally id.*

Defendants Herrera-Rivas and Martinez filed the instant Motion to Dismiss with their Answer. (Doc. 10). They ask the Court to dismiss this declaratory judgment action or "remand this request to the parallel state court proceeding." (Doc. 10 at 5). Defendants argue that there is no case or controversy between them and Plaintiff, as liability for the accident has not yet been established in the state court action. *Id.* Defendants also contend "[t]he parallel State Court

proceeding was filed prior to this [filing] and a declaratory judgment action should not be able to resolve state-law issues already pending before a state court." *Id.* at 4.

Plaintiff filed a Response to the Motion to Dismiss with the Court's leave on July 12, 2019. (Doc. 23). Plaintiff argues that Defendants are third-party beneficiaries to the insurance contract, and the Court should exercise its discretion to decide the declaratory judgment action. *Id.*

## II. LEGAL STANDARD

In deciding whether to dismiss a declaratory judgment suit, "[a] federal district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion or dismiss the action." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). A declaratory judgment action is ripe and therefore justiciable if there is an "actual controversy" between the parties. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *see also* 28 U.S.C. § 2201(a) (limiting the power to issue a declaratory judgment to "a case of actual controversy within [a court's] jurisdiction."). A court lacks the authority to grant declaratory relief if (1) the defendant in the declaratory judgment action filed an action in state court against the plaintiff in the declaratory judgment action; (2) the state case involves the same issues as the federal declaratory judgment action, and (3) the court cannot enjoin the state proceedings due to the Anti-Injunction Act. *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.3d 774, 776 (5th Cir. 1993)). In deciding whether to exercise the discretion to decide or dismiss a declaratory judgment action, courts in the Fifth Circuit employ the seven nonexclusive factors set out in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

2

*See Sherwin-Williams Co.*, 343 F.3d at 388; *see also Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015). The factors are as follows:

> 1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, [] 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . . [7)] whether the federal court is being called to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590–91 (internal citation and quotation marks omitted).

## III. DISCUSSION

Defendants argue that the Court should grant their Motion to Dismiss because there is not a case or controversy existing between them and Plaintiff and the issues presented in this action are pending in a parallel state court proceeding. The Court will address these arguments through the three-step *Orix* inquiry. *See Orix*, 212 F.3d at 895.

### A. Step One: Justiciability

28 U.S.C. § 2201(a) authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." However, the power to issue a declaratory judgment is limited to "a case of actual controversy within [a court's] jurisdiction." 28 U.S.C. § 2201(a). Accordingly, the Court must determine whether it has subject-matter jurisdiction[1] and whether an actual controversy exists.

---

1. 28 U.S.C. § 2201(a) provides a remedy but not a basis for jurisdiction. *Med. Components, Inc. v. Osiris Med., Inc.*, 226 F. Supp. 3d 753, 760 (W.D. Tex. 2016); *see Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir. 2001) (en

Federal courts have jurisdiction over cases arising under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). "When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the object of the litigation is the policy and the value of the right to be protected is plaintiff's potential liability under that policy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)) (internal quotation marks omitted). The filings indicate that Plaintiff is a citizen of Ohio, Defendants Herrera-Rivas and Martinez are citizens of Texas, Defendants Spirit of the Lion, LLC, Rapido MVD Services, Inc., and Gutierrez Trucking LLC are citizens of New Mexico, and Defendant Luis Barraza Yanez is either a citizen of Mexico or Texas. (*See* Doc. 1 at 1–3; *see also* Doc. 10-1 at 3–5). The parties have not indicated the coverage limit of the insurance policy Plaintiff issued, but the damages Defendants Herrera-Rivas and Martinez seek in the related state court action are in excess of one million dollars. (Doc. 10-1 at 14). Accordingly, the Court concludes there is complete diversity of citizenship, the amount-in-controversy requirement is satisfied, and, therefore, there is subject-matter jurisdiction under 28 U.S.C. § 1332.

A declaratory action is ripe and therefore justiciable if an actual controversy exists. *Shields*, 289 F.3d at 835. There is an actual controversy "where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.*

---

banc) ("It is familiar doctrine that the Declaratory Judgment Act does not itself grant federal jurisdiction."). Consequently, there must be an independent basis for invoking either federal-question jurisdiction or diversity jurisdiction. *See Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 968 (5th Cir. 1975).

(quoting *Orix*, 212 F.3d at 896). Whether an actual controversy exists is determined on an ad hoc basis, but a "specific and concrete" threat of litigation can establish a justiciable controversy. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017). Courts "look to the practical likelihood that a controversy will become real." *Shields*, 289 F.3d at 835. Longstanding precedent demonstrates that the potential controversy between a state court plaintiff, who was injured by an insured, and the insurance company, who is attempting to deny coverage, presents a justiciable controversy that may be decided through a declaratory judgment. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941); *Cent. Sur. & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939) ("The interest of [the injured parties] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial though not immediate. They ought to be retained as parties to be heard on it and to be bound by the result."); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B Sept. 1981) ("In a declaratory judgment action brought by an insurer to determine coverage under a liability policy, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer [were] contingent upon recovery of a judgment against the insured.").

Consequently, the Court concludes there is an actual controversy between Defendants Herrera-Rivas and Martinez and Plaintiff. Therefore, this matter is justiciable.

### B. Step Two: Authority

The second *Orix* step requires the Court to consider its authority to grant declaratory relief. Central to this consideration is whether there is a parallel state court action. *See Day*, 162 F. App'x at 319–20. Fifth Circuit precedent holds that courts must not issue a declaratory judgment if doing so would be effectively issuing an injunction to stay state court proceedings in

violation of the Anti-Injunction Act, 28 U.S.C. § 2283. *Travelers*, 996 F.2d at 776 (citing *Tex. Emp. Ins. Ass'n v. Jackson*, 862 F. 2d 491, 506 (5th Cir. 1988) (en banc)).

> Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.

*Id.* (emphasis in original).

First, the Court notes that the state court proceeding involves different parties. The Second Amended Petition filed in cause number 18-07-22531 in the 143rd District Court of Reeves County, Texas, which Defendants Herrera-Rivas and Martinez attached to the instant Motion to Dismiss, demonstrates that Plaintiff is not a party to the state court action. (*See generally* Doc. 10-1). Second, the state case involves different issues than those presented in the declaratory judgment action. The claims in the Second Amended Petition include negligence, *respondeat superior*, negligent entrustment, and negligent hiring, supervision, training, and retention asserted against a number of defendants. *See generally id.* In contrast, the claims in the declaratory judgment action involve the coverage provided under the insurance policy Plaintiff issued to Defendant Spirit of the Lion, LLC and specifically, whether Plaintiff has a duty under the policy to defend and indemnify any party. (*See generally* Doc. 1). Third, because the state court action does not involve Plaintiff or the same issues as the federal declaratory judgment, the issuance of a declaratory judgment will not effectively enjoin the state court proceeding in violation of the Anti-Injunction Act. *See Day*, 162 F. App'x at 320 ("Because there is neither a state court action against [the insurance company], nor a state court action that involves the same

issues presented in this action, the district court properly concluded that the Act does not bar relief.").

Accordingly, the Court concludes it has the authority to issue a declaratory judgment in this case.

### C. Step Three: Discretion

The third *Orix* step requires courts to consider whether they should exercise their discretion to abstain from issuing a declaratory judgment. *See Orix*, 212 F.3d at 895. The Supreme Court has held that, when considering a declaratory judgment, a district court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). In determining the propriety of *Brillhart* abstention, courts in the Fifth Circuit employ the seven *Trejo* factors to guide their exercise of discretion. *Sherwin-Williams*, 343 F.3d at 390.

1. *Full Litigation of All Matters in Pending State Action*

"The first *Trejo* factor, whether there is a pending state action in which all matters in controversy may be litigated, requires the court to examine comity and efficiency." *Id.* at 391. As noted in the Court's discussion of the second *Orix* step, Plaintiff is not a party to the related state court action that is pending in Reeves County, and the state litigation is focused on a liability determination, whereas this declaratory judgment action involves insurance coverage. Consequently, they are not parallel proceedings. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (noting "a state court decision on the issues of . . . vicarious liability and negligent supervision/hiring would have no direct bearing on the insurance company's duty to defend and the scope of the policy coverage" and vice

versa). Accordingly, the Court concludes there is not a pending state action in which all matters raised in the declaratory judgment may be litigated. Thus, the first factor weighs against dismissal.

   2.   *Declaratory Judgment Filed in Anticipation of Lawsuit by a Defendant*

The second factor requires the Court to consider whether the declaratory judgment action was improperly filed in anticipation of a lawsuit by a defendant in the declaratory judgment suit. *Trejo*, 39 F.3d at 590–91. "The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Sherwin-Williams*, 343 F.3d at 397. The purpose of this factor is to combat "procedural fencing" by manipulative declaratory judgment plaintiffs. *See id.* (discussing a case in which a declaratory judgment plaintiff filed the federal action in Texas to avoid California choice of law rules as an example of "procedural fencing"). In this case, the declaratory judgment action was filed after the state court liability action. (*See* Doc. 1). Additionally, "to the extent the federal suit was filed in anticipation of a separate state determination of the scope of the insurance provisions, this is a permissible purpose under the [Declaratory Judgment Act]." *Ironshore Specialty Ins. Co.*, 624 F. App'x at 167. Consequently, the Court finds this factor weighs against dismissal.

   3.   *Forum Shopping by Plaintiff*

The third factor requires the Court to consider whether Plaintiff engaged in forum shopping by filing the declaratory judgment action. *See Trejo*, 39 F.3d at 591. The fact that an out-of-state party selects a federal forum does not necessarily mean the party was forum shopping; "a court is more likely to find a plaintiff engaged in impermissible forum shopping where the federal action would change the applicable law." *Day*, 162 F. App'x at 321. There is

no indication that the Court will apply a different law in interpreting the insurance policy than a state court, particularly the Texas state court to which Defendants request a "remand." Therefore, the Court finds that this factor weighs against dismissal.

### 4.  *Possible Inequities*

The fourth factor asks "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist." *Trejo*, 39 F.3d at 591. As there is no parallel state court action that involves the coverage dispute, Plaintiff "did not inequitably gain precedence in time or change a previously selected forum for the declaration it [seeks]." *See Day*, 162 F. App'x at 321. Accordingly, the Court concludes that this factor weighs against dismissal.

### 5.  *Convenient Forum*

The fifth factor requires the Court to consider whether the Midland/Odessa Division of the Western District of Texas is a convenient forum for the parties and witnesses. *See Trejo*, 39 F.3d at 591. The Court notes that Defendants Herrera-Rivas and Martinez reside within this division. (*See* Doc. 1 at 3; Doc. 10-1 at 3). Additionally, there is no evidence that the other Defendants have raised any concerns regarding the inconvenience of the declaratory judgment action proceeding in this forum. Therefore, the Court concludes that this factor weighs slightly against dismissal.

### 6.  *Judicial Economy*

The sixth factor asks "whether retaining the lawsuit in federal court would serve the purposes of judicial economy." *Trejo*, 39 F.3d at 591. The Fifth Circuit has held that when there is no parallel action "judicial economy is not contravened by retaining the action because no

other proceeding is able to consider the coverage dispute." *Day*, 162 F. App'x at 321. Consequently, the Court finds that this factor weighs against dismissal.

> 7. *Construction of State Judicial Decree in Parallel Case Involving Same Parties and Issues*

The seventh factor requires the Court to consider "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending," *See Trejo*, 39 F.3d at 591. As previously discussed, there is no parallel action that involves the same parties or same issues; the federal action presents a question of policy coverage, and the state proceeding presents a question of liability for the automobile accident. Therefore, "[t]here is no need to construe a state judicial decree to resolve the issues in this case." *See Ironshore Specialty Ins. Co.*, 624 F. App'x at 168. The Court finds this factor weighs against dismissal.

Accordingly, the Court concludes that the *Trejo* factors weigh against dismissing this action.

\* \* \*

As this case presents a justiciable controversy between Plaintiff and all Defendants, including Defendants Herrera-Rivas and Martinez, as the Court has authority to issue a declaratory judgment in this case, and as all seven *Trejo* factors weigh against dismissal, the Court will deny Defendants' Motion to Dismiss.

## IV. CONCLUSION

Based on the foregoing discussion, the Court **ORDERS** that Defendants' Motion to Dismiss be **DENIED**. (Doc. 10).

It is so **ORDERED**.

SIGNED this 13th day of March, 2020.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

11