IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED FINANCIAL CASUALTY | § | |
| COMPANY, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | MO:19-CV-007-DC |
| | § | |
| SPIRIT OF THE LION, LLC, *et al.*, | § | |
|     *Defendants*. | § | |

## ORDER

BEFORE THE COURT is Defendants Miguel Herrera-Rivas (Herrera-Rivas) and Ryan Martinez's (Martinez) (collectively, "Defendants") Motion for Relief from Summary Judgment (Motion). (Doc. 51). Plaintiff United Financial Casualty Company (Plaintiff) filed a Response on September 1, 2020. (Doc. 52). Defendants filed a Reply on September 2, 2020. (Doc. 53). After having been granted leave, Plaintiff filed a Sur-Reply on September 4, 2020. (Doc. 55). After due consideration, the Court **DENIES** the Motion. (Doc. 51).

### I. FACTUAL BACKGROUND

The instant Motion arises out of the declaratory judgment action filed by Plaintiff on January 8, 2019, seeking a declaration that Plaintiff had no duty to defend or indemnify any party with respect to the claims asserted in the lawsuit styled *Miguel Herrera-Rivas and Ryan Martinez v. Luis Angel Barraza-Yanez et al.*, in Cause No. 18-07-22531-CVR in the 143rd District Court of Reeves County, Texas. (*See generally* Doc. 1). The underlying state court action stems from a three-vehicle accident that occurred on April 3, 2018, on U.S. Highway 285 in Pecos, Texas. *Id.* at 3. The state court petition alleges that Defendants Herrera-Rivas and Martinez were traveling south on U.S. Highway 285 while Defendant Luis Barraza-Yanez (Barraza-Yanez) was traveling north on the same road in a vehicle owned by either Defendant

Rapido MVD Services, Inc. (Rapido) or Defendant Spirit of the Lion, LLC (Spirit). (Doc. 42-2 at 5). The vehicles collided, and Defendants Herrera-Rivas and Martinez were injured. *Id.* at 5, 12–13.

Defendants Herrera-Rivas and Martinez filed a combined Answer and Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 30, 2019. (Doc. 10). The Court denied the Motion to Dismiss. (Doc. 43).

Defendants Spirit, Rapido, and Gutierrez Trucking, LLC (Gutierrez) never appeared, even after issuance and reissuance of summons. (*See* Docs. 4, 6, 8, 12, 13, 14). The Court issued an order on September 24, 2019, directing Defendants to show cause for their failure to answer. (Doc. 31). The Clerk of Court made an entry of default as to Defendants Spirit, Rapido, and Gutierrez on September 26, 2019. (Docs. 28, 29, 30). Plaintiff moved for default judgment against the Defendants Spirit, Rapido, and Gutierrez on October 17, 2019. (Docs. 37, 38, 39). The Court granted the motions for default judgment on July 16, 2020. (Doc. 46).

Plaintiff filed a Motion for Summary Judgment against Defendants Herrera-Rivas and Martinez on January 2, 2020.[1] (Doc. 42). Therein, Plaintiff argued that the insurance policy in question specifically excluded coverage, including Plaintiff's duty to defend, if the insured vehicle was used for any business purpose. *See generally id.* Defendants Herrera-Rivas and Martinez did not file a response. After due consideration, the Court granted the motion for summary judgment on August 25, 2020. (Doc. 49).

The Court entered Final Judgment on August 26, 2020. (Doc. 50). On the same day, Defendants Herrera-Rivas and Martinez filed the instant Motion. (Doc. 51). Therein, Defendants argue that deposition testimony from Desert Oilfield Services LLC's corporate representative,

---

1. Plaintiff's remaining claims against Defendant Barraza-Yanez were dismissed without prejudice for lack of proof of service. (*See* Doc. 48).

Arita Slate (Slate), regarding the insurance policy at issue, was "newly-discovered" evidence entitling them to relief from judgment. *Id.* at 2. Plaintiff filed a Response on September 1, 2020. (Doc. 52). Defendants filed a Reply on September 2, 2020. (Doc. 53). After having been granted leave, Plaintiff filed a Sur-Reply on September 4, 2020. (Doc. 55). Accordingly, this matter is ready for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to grant relief to a party from a final judgment, order, or proceeding for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendants' Motion seeks relief under Rule 60(b)(1) and (2).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). The district court has discretion to grant or deny relief under Rule 60. *Id.* "[I]t goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). "The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief." *Manna v. Ross Dress for Less, Inc.*, No. A-18-CV-489-RP, 2020 WL 401826, at *2 (W.D. Tex. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 10056104, (W.D. Tex. March 17, 2020); *Jenkins v. LaSalle Sw. Corr.*, No. 3:17-CV-1376-

3

M-BN, 2020 WL 2106355, at *4 (N.D. Tex. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 2105842 (N.D. Tex. Apr. 30, 2020) (same).

### III. DISCUSSION

Defendants ground their Motion on two general claims: (1) "newly-discovered" testimony from Slate's deposition; and (2) "mistake/inadvertence" on the part of Defendants' counsel.[2] The Court evaluates each in turn.

### A. Deposition Testimony

Defendants first argue that the deposition testimony of Slate regarding the policy "at the heart of the declaratory judgment action filed by Plaintiff," is "critical evidence that was unavailable to Defendants Herrera-Rivas and Martinez at the time that a response to Plaintiff's Motion for Summary Judgment was due." (Doc. 51 at 3). Because the evidence was "newly-discovered," and "not available . . . at the time [the] response . . . was due," Defendants argue the evidence satisfies the requirements of Federal Rule of Civil Procedure 60(b)(2). *Id.*

Rule 60(b)(2) allows relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "To succeed on a Rule 60(b)(2) motion, the 'movant must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Garrett v. United States*, 820 F. App'x 275, 278 (5th Cir. 2020) (alterations in original) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

---

2. Defendants' "mistake/inadvertence" argument was first raised in their Reply. (Doc. 53 at 3–4). The Court granted Plaintiff leave to file its sur-reply to address this argument. (*See* Docs. 54, 55; *see also* Text Order of September 4, 2020).

Here, Defendants have failed to show how the new evidence—in the form of deposition testimony from Slate—is "material and controlling and clearly would have produced a different result if present before the original judgment." *See id.* As the Court explained in its Order granting Plaintiff's Motion for Summary Judgment, "[t]he policy at issue in this case excludes coverage, including the duty to defend, if the 'insured auto or any attached trailer' was operated or used to carry property, or while loading or unloading property, or 'in any business or for any business purpose.'" (Doc. 49 at 6). In neither their Motion nor Reply do Defendants explain the significance of Slate's testimony, how it is material, or how it would change the Court's judgment. In fact, Defendants' sole contention is that such testimony merely exists. (*See* Doc. 51 at 2). There is no indication that this "newly discovered" evidence "would have produced a different result if present before the original judgment." *See Garrett*, 820 F. App'x at 278.

## B. Mistake or Inadvertence

Defendants next argue that Defendants' counsel's "mistaken understanding that a hearing would be set on Plaintiff's motion for summary judgment," because Defendants' counsel "inadvertently overlooked Local Court Rule CV-7(e)(2)" is grounds for Federal Rule of Civil Procedure 60(b)(1) relief. (Doc. 53 at 4).

"Courts are well within their discretion to deny a motion to set aside a judgment under Rule 60(b)(1) when the proffered justification for relief is the inadvertent mistake of counsel." *Cesar Ovalle v. United States*, SA-20-CV-0676-JKP, 2021 WL 1700363, at *3 (W.D. Tex. Apr. 29, 2021) (internal quotation marks omitted) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993)). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of

5

court." *Edward H. Bohlin Co.*, 6 F.3d at 357. "[I]nadvertence, ignorance of rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993); *see also Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436–37 (5th Cir. 2018) (noting that "[c]alendaring errors and mistakes about deadlines qualify as a careless mistake of counsel").

Here, Defendants' Rule 60(b)(1) ground for relief is "attributable solely to counsel's carelessness with or misapprehension of . . . the applicable rules of the court." *See Edward H. Bohlin Co.*, 6 F.3d at 357. Accordingly, the Court concludes it "would abuse its discretion if it were to reopen [the instant] case" on the basis of counsel's mistaken understanding of the local rules. *See id.*

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Relief from Summary Judgment. (Doc. 51).

It is so **ORDERED**.

SIGNED this 1st day of July, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE